Van Dyke *v.* Van Dyke.

---

GEORGE C. VAN DYKE, appellant,

*v.*

HENRY J. VAN DYKE, respondent.

In 1843, Dr. Frederick A. Van Dyke, a resident of Pennsylvania, proved the will of his brother, James C. Van Dyke, a resident of Somerset county in this state, in Somerset county. He filed an inventory here, but no account. In 1867, he died in Pennsylvania, and his will was duly proved there by his three sons, one of whom did not act and was afterwards discharged, leaving Frederick A. and Henry J. the acting executors. In 1870, Frederick A. Van Dyke took out letters of administration on Dr. Frederick A. Van Dyke's estate in Middlesex county, and also letters on the remaining estate of James C. Van Dyke. An exemplified copy of Dr. Frederick A. Van Dyke's will was filed in the Middlesex surrogate's office. Frederick A. Van Dyke is now dead. One claiming to be a beneficiary under a trust under the will of James C. Van Dyke, applied to the orphans court of Somerset county to require Henry J. Van Dyke, who is a non-resident, to settle the account of Dr. Frederick A. Van Dyke as executor of James C. Van Dyke.—*Held,* that that court had no jurisdiction to require him to account, and that notwithstanding the beneficiary's efforts to obtain such an accounting in the Pennsylvania courts have been futile.

---

On appeal from sentence of the orphans court of Somerset county.

*Messrs. Woodbridge Strong & Sons*, for appellant.

THE ORDINARY.

This is an appeal from a final sentence of the orphans court of Somerset county, denying an application for an account. The appellant is George C. Van Dyke, and the respondent the executor of Dr. Frederick A. Van Dyke, deceased, who was one of the three executors named in the will of James C. Van Dyke, deceased, and the only one who proved the will. The applicant claims to be interested in the estate of James C. Van Dyke as a beneficiary under a trust created by his will. James C. Van Dyke was a resident of this state. He died here in 1843, leaving a will duly executed, dated October 19th, 1829, and republished July 21st, 1832. By it he appointed his brother, Dr. Frederick A. Van Dyke, John Terhune and Littleton Kirkpatrick, executors. It was admitted to probate in Somerset county, November 7th, 1843, and letters testamentary thereon issued to Dr. Frederick A. Van Dyke, who alone proved it. Mr. Kirkpatrick is dead, but Mr. Terhune is still living at a very advanced age. Dr. Van Dyke, who lived in Philadelphia, filed in the office of the surrogate of Somerset county an inventory of the personal estate, but never filed any account. He died in Philadelphia November 17th, 1867, leaving a will, which was duly proved there in the same month by his executors, his sons Frederick A., Henry J. and Rush. The last-named executor did not act, and was subsequently discharged. Frederick A. Van Dyke took out letters of administration of his father's, Dr. Frederick A. Van Dyke's, estate in Middlesex county November 21st, 1870, and afterwards, on the 7th of July following, took out letters of administration *de bonis non cum testamento annexo* of James C. Van Dyke, deceased. An exemplified copy of Dr. Frederick A. Van Dyke's will was filed in the office of the surrogate of Middlesex county. Frederick A. Van Dyke (the 2d) is now dead. The will of James C. Van Dyke contained a provision which, it is alleged, created a trust in one-fourth of his estate in the hands of Dr. Frederick A. Van Dyke, for the benefit of the appellant and his brothers and sisters, and by virtue

thereof the appellant claims to be interested in the estate of James C. Van Dyke, and therefore entitled to an account of the estate. He filed a petition in the orphans court of Somerset county, praying that Frederick A. Van Dyke, as administrator *de bonis non cum testamento annexo* of James C. Van Dyke, might be required to account, and that he and Henry J. Van Dyke, as executors of their father, might be compelled to settle their father's account as executor of James C. Van Dyke. The orphans court held that it had no jurisdiction to require the administrator *de bonis non* to account, but that decision was put on the ground that his letters were issued in Middlesex county, which was an error, as they were issued in Somerset. He, however, is now dead. It held also that it had jurisdiction to require the executors of Dr. Frederick A. Van Dyke to settle his account of the estate of his testator, but that the petitioner had not shown himself to be entitled to require such account. The petition was therefore dismissed, with costs.

No letters testamentary on the will of Dr. Frederick A. Van Dyke have been granted in this state. The exemplification above mentioned was merely filed and recorded, and no letters testamentary were issued or applied for thereon. The proceedings in that matter seem to have been taken not under the twenty-third and twenty-fourth sections of the orphans court act, but under the twenty-sixth. Both of the executors reside out of this state. The succession to Dr. Van Dyke's personal property here is not in his surviving executor, but in the administrator of his estate appointed here. The orphans court has no jurisdiction over the foreign executor. It appears to have assumed it mainly, if not entirely, on the ground that unless it did so the appellant would be without remedy. The reason is not sufficient, if it were well founded. The cases cited by the appellant's counsel in support of the jurisdiction do not sustain it. They are cases where jurisdiction has been asserted over a foreign administrator or executor having funds of the estate in his hands, and himself being in the state in which the proceedings against him were taken. The efforts of the appellant to obtain relief in the courts of Pennsylvania have indeed proved fruitless. He is a resident

of that state. He filed exceptions there to the account of the executors of Dr. Frederick A. Van Dyke, which were overruled, it being held that the orphans court there had no jurisdiction over the account of James C. Van Dyke's executor, but that the jurisdiction was in this state. He then took out letters of administration *de bonis non cum testamento annexo* of James C. Van Dyke, deceased, in Pennsylvania, and as such administrator attempted to call the executors to account there. He failed in that effort also, it being held that the orphans court there would have no jurisdiction until the estate of James C. Van Dyke should have been settled here, and the liability to account for the trust fund established; that is, that it was a judisdictional prerequisite to proceeding in the orphans court against the executors that it should be established that there was a fund for which they should account. The fact that those efforts have proved unavailing obviously would not confer jurisdiction here over the executors, over whom otherwise the orphans court here would have no jurisdiction. Nor (it is equally obvious) would the fact, if it were so, that the appellant would be wholly remediless in the premises, unless he could obtain relief in the orphans court here, of itself confer jurisdiction.

The decree of the court below will be affirmed, but without costs.